UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Lenard Hudson,

      Plaintiff,

v.                                                                                          Hon. Janet T. Neff

Michigan, State of, et al.,                                              Case No. 1:19-cv-00955

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on November 12, 2019, against the State of Michigan, Delta Township, Gretchen Whitmer, Dana Nessel, Democratic National Committee, Julie H. Reincke, Douglas R. Lloyd, Christopher Gerand, Brian Oleksyk, Kollette Bordeaux, and Natallie Simpson. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court has held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard

"is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 556 U.S. at 570). If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff has filed a document titled "Motion to give notice and writ to the state and State court of Michigan to stay its attempt to force Plaintiff into Forced Democracy, theft using property, Forced Private Membership Association, Forced Society when state and State courts bar the Plaintiff rights by forced jurisdiction." As best as can be determined from Plaintiff's filing, Plaintiff appears to complain about being stopped for having a cracked taillight on his vehicle and arrested for not having a valid drivers license. Beyond that, Plaintiff's allegations are nothing more than an incoherent collection of legal terms and phrases and fail to set forth a cognizable legal claim. Even affording the complaint a liberal construction, and in spite of the fact that Plaintiff purports to allege his claims in separately-identified counts, his claims make no sense. In instances such as this, "[c]ourts are not required to expend their time when the nature of a *pro se* plaintiff's claim defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL

2670827, at *2 (S.D. Ohio Apr. 6, 2010) (internal quotation marks omitted), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010).

In sum, evaluated pursuant to the aforementioned standard, the Court concludes that any facts alleged in Plaintiff's complaint, even if accepted as true, fail to rise to the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to state a claim upon which relief may be granted in this court. *See Maclin v. Cuyahoga Cty. Ombudsman*, No. 1:15CV1631, 2015 WL 8056079, at *2 (N.D. Ohio Dec. 4, 2015) (dismissing for failure to state a claim because, "[a]lthough the plaintiff uses legal phrases and terms in his pleading, his assertions are incoherent and incomprehensible, and they are not connected in any way to any alleged conduct of the defendants"). Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff

appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see*

*McGore*, 114 F.3d at 610-11.


Date:  November 20, 2019                                /s/ Sally J. Berens
                                                                  SALLY J. BERENS
                                                                  U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).